UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:22-cr-00027-TBR-LLK-2

**UNITED STATES OF AMERICA**	**PLAINTIFF**

v.

**DANIEL MAJOR**	**DEFENDANT**

## REPORT AND RECOMMENDATION

Defendant Daniel Major ("Major") filed a motion to suppress, to which the United States responded in opposition, Major replied, and the United States sur-replied. [Doc. 28, 29, 31, 32]. Senior Judge Thomas B. Russell referred the matter to the undersigned Magistrate Judge "to conduct a Suppression Hearing [if necessary] as to Defendant Daniel Major and to rule on any motion to suppress filed herein and to submit to the Court a report and recommendation, pursuant to 28 U.S.C. 636(b)(1)(A) and (B)." [Doc. 34].

For the reasons below, the motion to suppress is subject to dismissal for lack of Fourth Amendment standing in the cell phone searched. Therefore, the RECOMMENDATION will be that the Court DENY the motion to suppress. [Doc. 28].

### Background facts

Major sets forth the background facts of this case in his memorandum in support of motion to suppress. [Doc. 28-1]. Those facts are summarized below.

Major and his co-defendant, Sholar West ("West"), are charged with drug trafficking. Authorities suspected that Major was shipping illegal drugs to West via FedEx. Authorities intercepted a FedEx package, confiscated the drugs, and replaced the drugs with filler. FedEx placed the package on West's front porch, and West retrieved it.

On February 25, 2022, authorities observed a vehicle driven by an individual later identified as Deante Sharpe drive up to West's house, go up to the front porch, make a call on his cell phone, and then

1

drive away. Authorities converged on West's house. West ran out the back door and threw the package into a neighbor's yard. West was arrested. West refused to consent to search of her cell phone, which she had in her possession when she was arrested.

On March 9, 2022, a Christian County judge signed a search warrant allowing for a forensic examination of West's cell phone. [Doc. 28-3]. The DEA ran a forensic analysis of West's phone on behalf of Christian County authorities. [Doc. 31-1].

**The DEA forensic report of West's cell phone contains information that incriminates Major.**

To his reply, Major attached a copy of the DEA forensic report of West's cell phone, which Major seeks to suppress. [Doc. 31-1]. The report concerns three cell phones: 1) The cell phone in West's possession at the time of her arrest; 2) A cell phone, which apparently was in Major's possession, with the number 270-348-3692; and 3) Another cell phone, which apparently was in Major's possession, with the number 734-601-1285. The report does not identify West's cell phone number. The DEA forensic report is summarized below.

On February 24, 2022, West texted messages to 270-348-3692 and 734-601-1285. The messages were addressed to an individual by the name of "Major." West sent a picture to 734-601-1285 of West and an individual West called "Daniel Major," which authorities identified as Major. Major texted a message to West that "Something is hitting da [i.e. West's] porch today beautiful, but I will reroute da next few in another direction so u won't feel any stress about it lovely. … I'll shoot u da traccn# [tracking number]." Major sent West the FedEx tracking number and other information including West's full name and street address. West's reaction was "Shit baby, names be on there?"

Authorities arrested West on February 25, 2022, at approximately 5:20 p.m. [Doc. 31-1]. Earlier that day, at approximately 10:51 a.m., the following exchange occurred between West and 270-348-3692:

West:  Everything Okay?

Major:  Can't check but had butta go thru there….

Authorities identified "butta" as Deante Sharpe, the individual who went up to West's front porch as described in the above "background facts" section of this Report. Between approximately 5:07 p.m. and 5:14 p.m., West and Major made several calls to one another, before West fled out the back door with the package at approximately 5:20.

Additionally, the DEA forensic report provides background information regarding the nature of the relationship between West and Major. For example, on November 15, 2021, West sent Major a picture of a United States Postal Service parcel sitting on her front porch. On November 16, 2022, West informed Major "you put my life at risk, sending shit to my house … I want money for every package … you missed the last payment for the last one you picked up."

In summary, the DEA forensic report of West's cell phone contains information that incriminates Major.

### Procedural history in this Court

On September 7, 2022, Major filed the present motion to suppress "all evidence obtained from the defendant's [i.e., West's] cell phone." [Doc. 28]. To his motion, Major attached a copy of the affidavit in support of search warrant, which was prepared by a Christian County detective, and a copy of the search warrant, which apparently was signed by a Christian County judge. [Doc. 28-2, 28-3]. Movant argues that: 1) The affidavit was "bare bones" and did not provide probable cause for the search warrant; 2) The search warrant did not describe the cell phone to be searched with sufficient particularity; and 3) The "good faith" exception to the exclusionary rule for Fourth Amendment violations does not apply in this case because the affidavit was so deficient that the detective could not have acted in "good faith" reliance on the search warrant's finding of probable cause. [Doc. 28-1].

In its response in opposition to the motion, the United States did not address the merits of the above arguments. [Doc. 29]. Rather, the United States "respectfully request[ed] that the Court deny the

defendant's motion and [any] request for a hearing" because Major has no Fourth Amendment standing (i.e., a reasonable expectation of privacy) to object to the search of West's cell phone. *Id.*

To his reply, Major attached a copy of the incriminating DEA forensic report, which is summarized above. [Doc. 31-1]. Major argues that he has Fourth Amendment standing to object to the search of West's cell phone because the DEA forensic report shows that West's cell phone "was used by the defendant [Major]." [Doc. 31].

In its sur-reply, the United States argues that the DEA forensic report does **not** show that West's cell phone was used by Major. [Doc. 32].

**Fourth Amendment standing requirement**

In multi-defendant cases, such as the present one, "[a] defendant's standing is determined independently from his co-defendant's standing with regard to the same items and places that are searched." *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008). While West would have standing to object to search of her own cell phone, Major does not have standing to object to search of that same item.

"It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Padilla*, 508 U.S. 77, 81 (1993); *see also Rakas v. Illinois*, 439 U.S. 128, 133 (1978) (holding that Fourth Amendment rights are personal rights).

As a threshold matter, a defendant has the burden of establishing Fourth Amendment standing to object to the property searched based on a property or privacy interest[1]:

---

[1] Property and privacy interests are linked because "[o]ne of the main rights attaching to property is the right to exclude others …, and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).

> "Fourth Amendment rights are said to be 'personal[,]' [s]o a defendant must show that 'his own' rights were 'infringed.'" *United States v. Russell*, 26 F.4th 371, 374 (6th Cir. 2022) (quoting *Rakas v. Illinois*, 439 U.S. 128, 133 (1978); *Byrd*, 138 S. Ct. 1518, 1526 (2018)). "Courts use 'standing' as a 'shorthand' for this requirement." *Id.* (quoting *Byrd*, 138 S. Ct. at 1530). "[A] defendant has standing only if he has a Fourth Amendment interest in the property searched." *Id.* at 377 (citing *Byrd*, 138 S. Ct. at 1530). "This interest can either be a property or a privacy interest." *Id.* (citing *Byrd*, 138 S. Ct. at 1526). The defendant "has the burden of establishing his standing to assert a Fourth Amendment violation." *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001) (citing *United States v. Salvucci*, 448 U.S. 83, 86 (1980)).

*United States v. Ewing*, No. 2:21-CR-20198-JPM, 2022 WL 2752801, at *6 (W.D. Tenn. July 14, 2022).

To establish standing to challenge the search of a cell phone, courts require a defendant to offer evidence demonstrating that he owned, possessed, or used the cell phone that was searched:

> [A] defendant challenging the search of a cellular telephone must show that he owned, possessed or used the telephone. *See … United States v. Gatson*, 744 F. App'x 97, 100 (3d Cir. 2018) (affirming the denial of a motion to suppress information obtained from a cellular phone because the defendant lacked standing to bring the motion where he did not establish that he owned, possessed, or used the telephone); *United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015) (affirming the denial of a motion to suppress cellular telephone information because the defendant did not "assert that he owned, possessed, or used" the telephones and did not "describe any other legitimate expectation of privacy in [the] phones").

*United States v. Boyce*, No. CV 1:20-CR-00217-JPB, 2022 WL 2438410, at *3 (N.D. Ga. July 5, 2022).

The same Fourth Amendment standing requirement applies to location information concerning a cell phone, i.e., so-called cell-site location information (CSLI). The Supreme Court recently held that a search warrant is generally required before government can access CSLI. *Carpenter v. United States*, 138 S.Ct. 2206 (2018). *Carpenter*, however, "does not afford a criminal defendant standing to challenge the collection of CSLI from a cell phone for which he denies the ownership, possession, control, use, and exclusion of others." *United States v. Oakes*, 320 F. Supp. 3d 956, 961 (M.D. Tenn. 2018).

**Major's motion to suppress is subject to dismissal
for lack of Fourth Amendment standing in the searched cell phone.**

In its entirety, Major's argument in support of standing is as follows:

> [Major] … has standing to challenge the search of the cellphone seized pursuant to the search warrant because – based on the forensic download and investigation by DEA … -- the phone was used by the defendant.

5

> After the forensic download, [DEA] … located a conversation between West and Major, in which she sent a picture of herself to Major at the phone number of 734-601-1285. At that time, [authorities] believed Major to be involved in large-scale drug trafficking, and knew he was using the phone number 734-601-1285. As such, Major has a constitutional right to privacy regarding the cell phone that was searched. See "Report of Investigation" attached hereto as Exhibit A.

[Doc. 31].

In its sur-reply, the United States argues that Major assumes that "because [his] words [and picture] were located on his co-conspirator's phone, the fact equates to his 'use' of the phone." [Doc. 32].

This Report concludes that Major has not alleged or shown that he owned, possessed, or used the cell phone that was searched. Major relies solely on the DEA forensic report at Doc. 31-1. That report indicates that Major received an image from the searched phone, which was in West's possession when she was arrested. This does not, in any legally relevant sense, indicate that Major used West's cell phone or that he had a property or privacy interest in it. *See United States v. Stringer*, 39 F.3d 391, 396 (8th Cir. 2014) (holding that Stringer had no standing to challenge search of third party's cell phone); *Bradford v. United States*, 520 F. Supp. 3d 991, 999 (M.D. Tenn. 2021) (holding that, while Bradford testified that the cellphone was "more his than hers," he had no standing to object to the search because the phone was in her "name" and she "paid the bills" on it).

Therefore, Major's motion to suppress is subject to dismissal for lack of Fourth Amendment standing in the searched cell phone.

### An evidentiary hearing on the motion to suppress is not required.

In federal court, evidentiary hearings on motions to suppress do not occur as a matter of course:

> Motions to suppress under Rule 41(h) generally require the judge to receive evidence on any issue of fact necessary to the decision. An evidentiary hearing need not be set as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief. Factual allegations that are general and conclusory or based upon suspicion and conjecture will not suffice.

§ 689 Motion to Suppress -- Procedure, 3A Fed. Prac. & Proc. Crim. § 689 (4th ed.)

Under Sixth Circuit caselaw, the court must hold an evidentiary hearing "if the motion [to suppress] is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019) (quoting *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006)); *United States v. Schumacher*, 611 F. App'x 337, 341 (6th Cir. 2015) (citations removed) ("[T]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."); *United States v. Thompson*, 16 F. App'x 340, 344 (6th Cir. 2001) ("A district court is required to hold an evidentiary hearing when the defendant has set forth contested issues of fact that bear upon the legality of the search."). If, however, the questions presented are "entirely legal in nature" the court may decide the motion without a hearing. *Ickes*, 922 F.3d at 710.

In this case, the case-dispositive standing issues are "entirely legal in nature." *Id.* Therefore, an evidentiary hearing on the motion to suppress is not required.

Because Major has not satisfied the threshold Fourth Amendment standing requirement, this Report does not reach his arguments [Doc. 28-1] that the affidavit was "bare bones," the warrant did not describe the cell phone with particularity, and the "good faith" exception does not apply.

## RECOMMENDATION

For the foregoing reasons, the motion to suppress of Defendant Daniel Major is subject to dismissal for lack of Fourth Amendment standing in the cell phone searched. Therefore, the Magistrate Judge RECOMMENDS that the Court DENY Defendant Daniel Major's motion to suppress. [Doc. 28].

September 23, 2022

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

September 23, 2022

Lanny King, Magistrate Judge
United States District Court