UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:22-CR-00027-GNS-LLK-2

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.

DANIEL MAJOR                                                                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Objection (DN 37) to the Magistrate Judge's Report and Recommendation ("R. & R.") (DN 36) regarding Defendant's Motion to Suppress (DN 28). The matter is ripe for adjudication. For the reasons outlined below, the Magistrate Judge's R. & R. is **ADOPTED**, the objection is **OVERRULED**, and Defendant's motion is **DENIED**.

### I.      SUMMARY OF THE FACTS

Defendant Daniel Major ("Major") was indicted in a two-count Superseding Indictment, alleging conspiracies to possess methamphetamine and fentanyl with the intent to distribute. (Superseding Indictment, DN 11). Following the arrest of Sholar West ("West"), Major's co-defendant, Detective Fiscella of the Christian County Sheriff's Department was granted a search warrant on March 9, 2022, to forensically search an iPhone in West's possession and download the information stored on the phone. (Def.'s Mem. Supp. Mot. Suppress 2, DN 28-1 [hereinafter Def.'s Mem.]; Def.'s Mot. Suppress Ex. A, DN 28-2 (Affidavit for Search Warrant); Def. Mot. Suppress Ex. B, DN 28-3 (Search Warrant)). The warrant was executed, and the phone was turned over to Hopkinsville Police Department to extract the data. (Def.'s Mem. 2). The DEA performed

an analysis of the contents on behalf of the Christian County authorities, the results of which implicated Major.  (*See* Def.'s Reply Mot. Suppress Ex. A, DN 31-1).

Major contends the phone is his property and filed the present motion to suppress.  (Def.'s Mem. 3-6).  The United States disputes Major's assertion of ownership and maintains that Major lacks Fourth Amendment standing to challenge the search.  (Pl.'s Resp. Def.'s Mot. Suppress, DN 29).  The Magistrate Judge concurred with the United States and recommended denial of the motion for want of standing.  (R. & R. 5-7, DN 36).

Major has filed objections, contending the Magistrate Judge erred in finding a lack of Fourth Amendment standing.  (Def.'s Obj. R. & R., DN 37).  Major argues that he maintains a possessory interest in the phone to challenge the search and alleges three issues in support:  (1) he has used and possessed the searched phone; (2) it is not uncommon for persons alleged to be involved in drug trafficking to use multiple phones; and (3) co-owners of a phone may maintain Fourth Amendment standing.  (Def.'s Obj. R. & R.).  Major suggests an evidentiary hearing, if necessary, to determine the phone's ownership.  (Def.'s Obj. R. & R. 3).

## II. STANDARD OF REVIEW

The court conducts a *de novo* review when ruling on an objection to a magistrate judge's report and recommended disposition on a defendant's motion to suppress evidence.  *See* 28 U.S.C. § 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004).

## III. DISCUSSION

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."  U.S. Const. amend. IV.  "The basic purpose of this Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials."  *Camara v. Mun. Ct. of City &*

*Cnty. of S.F.*, 387 U.S. 523, 528 (1967).  This is a personal right, however, and "suppression of evidence as 'the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence.'"  *United States v. Powell*, 847 F.3d 760, 768 (6th Cir. 2017) (quoting *United States v. Padilla*, 508 U.S. 77, 81-82 (1993) (per curium)).  Indeed, co-conspirators and co-defendants "have been accorded no special standing." *Padilla*, 508 U.S. at 82 (internal quotation marks omitted) (quoting *Alderman v. United States*, 394 U.S. 165, 172 (1969)).

Notably, courts utilize the term "standing" when discussing this issue, but the concept of standing under the Fourth Amendment as a prerequisite for suppression was rejected in *Rakas v. Illinois*, 439 U.S. 128 (1978).  *See United States v. Smith*, 263 F.3d 571, 581 (6th Cir. 2001).  In *Rakas*, the Supreme Court recognized the personal nature of the Fourth Amendment and remarked that the "definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing."  *Rakas*, 439 U.S. at 140 (citations omitted); *see United States v. Rogers*, 861 F. App'x 8, 16 n.1 (6th Cir. 2021) ("This is not jurisdictional standing, but instead the ability to show a Fourth Amendment violation." (citation omitted)).  Instead, "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable . . . ."  *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (citation omitted).  This reasonableness must come from "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."  *Id.* (internal quotation marks omitted) (quoting *Rakas*, 439 U.S. at 143 n.12).

The Supreme Court has noted the ambiguity which surrounds whether an expectation of privacy exists:

> One who owns and possesses a car, like one who owns and possesses a house, almost always has a reasonable expectation of privacy in it. More difficult to define and delineate are the legitimate expectations of privacy of others.
>
> On the one hand, as noted above, it is by now well established that a person need not always have a recognized common-law property interest in the place searched to be able to claim a reasonable expectation of privacy in it.
>
> . . .
>
> On the other hand, it is also clear that legitimate presence on the premises of the place searched, standing alone, is not enough to accord a reasonable expectation of privacy, because it "creates too broad a gauge for measurement of Fourth Amendment rights."

*Byrd v. United States*, 138 S. Ct. 1518, 1527 (2018) (internal citations omitted) (quoting *Rakas*, 439 U.S. at 142). Ultimately, property and privacy rights are intertwined in this respect, as "[o]ne of the main rights attaching to property is the right to exclude others," while "one who owns or lawfully possesses or controls property [has] in all likelihood . . . a legitimate expectation of privacy by virtue of the right to exclude." *Id.* (quoting *Rakas*, 439 U.S. at 143 n.12).

The burden of demonstrating this reasonable expectation of privacy to invoke Fourth Amendment protections rests squarely upon the defendant. *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003); *Rakas*, 439 U.S. at 130 n.1. This burden also extends to "production and persuasion." *United States v. Patel*, 579 F. App'x 449, 453 (6th Cir. 2014) (citations omitted). Moreover, in multi-defendant cases, the determination as to one defendant is made independent of other co-defendants, even as it pertains to the same searched items and places. *See United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008).

The relevant inquiry here is whether Major possessed a reasonable expectation of privacy to the phone in West's possession at the time of her arrest. *See United States v. Knowledge*, 418 F. App'x 405, 407 (6th Cir. 2011); *see also Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). Where there is no reasonable expectation of privacy, the Fourth

4

Amendment is not implicated. *See Illinois v. Andreas*, 463 U.S. 765, 771 (1983) ("If the inspection by police does not intrude upon a legitimate expectation of privacy, there is no 'search' subject to the Warrant Clause." (citation omitted)); *see also United States v. Jacobsen*, 466 U.S. 109, 114 (1984) ("A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed.").

A sister court previously concluded that a defendant lacked standing to contest information obtained from a co-defendant's cell phone, as he "has neither asserted nor demonstrated any ownership or possessory interest in any of [his co-defendant]'s cell phones." *United States v. Molina*, No. 5:20-cr-128-DCR-MAS-1, 2021 U.S. Dist. LEXIS 160049, at *31-32 (E.D. Ky. June 18, 2021), *adopted by* 569 F. Supp. 3d 596 (E.D. Ky.). The court explained, "a person 'with no possessory interest' in property has no standing to challenge the search of that property on Fourth Amendment privacy grounds." *Id.* at *32 (citing *United States v. Bah*, 794 F.3d 617, 626 (6th Cir. 2015); *United States v. Brewer*, 708 F. App'x 96, 99 (3d Cir. 2017)).[1] Similarly, the Third Circuit noted a district court's finding that a defendant "made no claim that he ever owned, possessed, used, or had any privacy interest whatsoever in [the phone]" and found this lack of personal interest in the phone to be detrimental to later claims of an expectation of privacy. *United States v. Gatson*, 744 F. App'x 97, 100 (3d Cir. 2018) (internal citation omitted); *see also United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015) (same); *United States v. Dore*, 586 F. App'x 42, 56 (2d Cir. 2014) (observing a defendant "does not have standing to assert Fourth Amendment rights" to

---

[1] In analogous circumstances, courts have repeatedly held that passengers in a stopped vehicle have no expectation of privacy or possessory interest to the vehicle for "standing" to challenge a search, regardless of whether they challenge the seizure of their person. *See generally Byrd*, 138 S. Ct. at 1528 (quoting *Rakas*, 439 U.S. at 149 n.17); *Bah*, 794 F.3d at 626 (collecting cases within Sixth Circuit); *United States v. Orth*, 873 F.3d 349, 357 (1st Cir. 2017); *United States v. Smith*, 21 F.4th 122, 131 (4th Cir. 2021); *United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022); *United States v. Lindsey*, 43 F.4th 843, 847 (8th Cir. 2022).

phone records when he did not submit an affidavit establishing the phones were his, nor did he assert a privacy interest in the phones. (citations omitted)). The Third Circuit in *Brewer* also affirmed a district court's conclusion that, despite the defendant is listed as a subscriber on the phone, "whatever interest [the defendant] may have had in the phone did not amount to an actual, subjective expectation of privacy" because "[t]he phone was seized directly from [a co-defendant], who claimed ownership and control of the phone." *Brewer*, 708 F. App'x at 99. Additionally, the defendant "did not establish that he maintained the ability to exclude others from the phone or took precautions to ensure the privacy of the phone." *Id.*; *see United States v. Scott*, No. 14-20780, 2015 U.S. Dist. LEXIS 102286, at *12-15 (E.D. Mich. Aug. 5, 2015) (following the district court's findings affirmed in *Brewer*). Examining the issue in light of a challenge to cell-site location information, another sister court has recounted that "[u]nder *Byrd* and preceding caselaw, without ownership, possession, custody, or control, Defendant had no reasonable expectation of privacy in 'the invaded place' . . . ." *United States v. Oakes*, 320 F. Supp. 3d 956, 961-62 (M.D. Tenn. 2018) (citing *Rakas*, 439 U.S. at 143). Another court has reached a similar conclusion, where a defendant did not have a reasonable expectation of privacy in a "target cell phone" where he never "himself possessed or used" the phone. *United States v. Bermudez*, No. IP 05-43-CR-05-B/F, 2006 U.S. Dist. LEXIS 102061, at *46-47 (S.D. Ind. June 30, 2006).

      Like *Brewer*, the phone was found in West's possession after her arrest. (Def.'s Mem. 2). There is no indication West conceded or disavowed ownership of the phone, but she did exert ownership-level control over the phone by refusing to consent to a search of its contents. (Def.'s Mem. 2). Nothing in the record indicates Major took any action to designate his ownership or use

of the phone prior to his motion.² *See Smith v. Maryland*, 442 U.S. 735, 740 (1979) (noting that examination of whether a defendant maintains a reasonable expectation of privacy first looks to "whether the individual, by his conduct, has 'exhibited an actual (subjective) expectation of privacy' . . . ." (citing *Katz*, 389 U.S. at 361 (Harlan, J., concurring))). Moreover, there is no indication, nor has Major alleged, he maintained the ability to exclude others from the phone or instituted privacy precautions on the phone. *See Katz*, 389 U.S. at 361 (Harlan, J., concurring) ("[B]ut objects, activities, or statements that he exposes to the 'plain view' of outsiders are not 'protected' because no intention to keep them to himself has been exhibited."); *see also Huff v. Spaw*, 794 F.3d 543, 550 (6th Cir. 2015) (explaining that "[a] person fails to exhibit an expectation of privacy under the *Katz* test if he exposes those statements to the 'plain view' of outsiders or if he fails to take steps to prevent exposure to third parties . . . ." (emphasis omitted) (citing *Katz*, 389 U.S. at 361 (Harlan, J., concurring); *Kee v. City of Rowlett*, 247 F.3d 206, 216-17 (5th Cir. 2001)); *Kee*, 247 F.3d at 216-17 (concluding that "[p]erhaps most damaging to . . . [the plaintiffs'] arguments is that they failed to present evidence demonstrating any affirmative steps taken to preserve their privacy. . . . They point to no reasonable safeguards or common-sense precautions taken to preserve their expectation of privacy.").

Additionally, the DEA report does not indicate that Major used the phone. (Def.'s Reply Mot. Suppress Ex. A). Rather, the report details that West texted two phone numbers from the seized phone for almost a year, and the content of the messages indicated both recipient phone

---

² In his motion, Major moves for suppression of "all evidence obtained from *the defendant's* cell phone[,]" with his memorandum asserting an argument about the "affidavit for the search warrant for *Major's* cell phone . . . ." (Def.'s Mot. Suppress 1, DN 28; Def.'s Mem. 3 (emphasis added)). Major's claims of ownership are undercut by his objections, which indicate that the phone's records could be examined "*to determine* who 'owned' the phone . . . ." (Def.'s Obj. R. & R. 3 (emphasis added)).

numbers were utilized by Major. (Def.'s Reply Mot. Suppress Ex. A, at 1). At no point in those conversations did Major use the searched phone to call or text, nor did any of the conversations detailed in the report indicate Major maintained any semblance of possession, control, or ownership of the phone or the ability to exclude other from the phone. (Def.'s Reply Mot. Suppress Ex. A, at 1-5). Even if Majors had used the phone in some way to send one or several text messages, such minimal use is insufficient to create a reasonable expectation of privacy. *See generally Byrd*, 138 S. Ct. at 1527 ("[I]t is also clear that legitimate presence on the premises of the place searched, standing alone, is not enough to accord a reasonable expectation of privacy, because it 'creates too broad a gauge for measurement of Fourth Amendment rights.'" (citation omitted)). Rather, the facts demonstrate West is the only person who exhibited a possessory interest in the phone.

As for Major's objections, they are unavailing. Major contends "[i]t is not uncommon for persons involved in drug dealing to use multiple phones to conduct their illegal business." (Def.'s Obj. R. & R. 1 (citations omitted)). Therefore, "it would not be unusual for law enforcement in this case to have believed that Major would be using at least two or more phones . . . ." (Def.'s Obj. R. & R. 1-2). There is no dispute that those involved in drug trafficking and distribution may utilize code words, multiple phones, or false identities to conceal their actions from law enforcement. *See United States v. Hall*, 20 F.4th 1085, 1101 (6th Cir. 2021), *amended in other parts in* 2022 U.S. App. LEXIS 2983 (6th Cir. Feb. 2, 2022); *United States v. Griffin*, No. 2:17-CR-20639-TGB-MKM, 2022 U.S. Dist. LEXIS 102429, at *7 (E.D. Mich. June 2, 2022) ("Courts have recognized the importance of cell phones in coordinating criminal enterprises, particularly drug trafficking conspiracies." (citations omitted)). Such tendencies, however, do not demonstrate that Major used *this* phone or maintained a possessory interest over it, nor does the record support

any reasonable expectation of privacy to the phone by Major. Indeed, the DEA report indicated that text messages were sent from the subject phone to phone numbers associated with Major. (Def.'s Reply Mot. Suppress Ex. A, at 1). Therefore, unless one is to believe Major was sending messages to himself, the subject phone was used by West to communicate with Major, which completely undermines Major's claim of expected privacy.

Alternatively, Major advances an argument based upon co-ownership of the phone. (Def.'s Obj. R. & R. 2-3). Attempting to distinguish cases cited in the R. & R., Major alleges "there may be other data on the phone that Major can show to demonstrate he had use and possession of the cell phone," in addition to the service contract or billing records being examined for who paid the bills associated with the phone. (Def.'s Obj. R. & R. 2-3). When lodging his objection, Major raises for the first time the need for an evidentiary hearing. (Def.'s Obj. R. & R. 3). "To justify a request for a search-warrant-related evidentiary hearing, however, a defendant must set forth 'sufficiently definite, specific, detailed, and non-conjectural' reasons for why contested factual issues cast doubt on a search's validity." *United States v. Moore*, 999 F.3d 993, 999 (6th Cir. 2021) (citing *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006)); *see Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."). If a defendant's arguments were "entirely legal in nature," then a hearing is not required. *Abboud*, 438 F.3d at 577. When the facts relating to the search are not disputed, the proffered arguments are considered "entirely legal in nature," making a hearing unnecessary. *United States v. Ickes*, 922 F.3d 708, 713 (6th Cir. 2019) (citing *Abboud*, 438 F.3d at 577).

Major does not dispute the underlying facts, only that he has a reasonable expectation of privacy to the phone. Thus, his arguments are "entirely legal in nature," which render a hearing

9

unnecessary. Moreover, Major does not point to any specific or particularized information to support claims to this effect, aside from conjecture. Instead, Majors alleges "there *may* be other data on the phone" and a review of records *could* determine who pays for the phone. (Def.'s Obj. R. & R. 2-3 (emphasis added)). These arguments are speculative and do not support any conclusion beyond "a mere desire to cross-examine." *Franks*, 438 U.S. at 171. As previously noted, the burden to demonstrate a possessory interest and a reasonable expectation of privacy rests upon Major, including production and persuasion. *See Rodriguez-Suazo*, 346 F.3d at 643; *Patel*, 579 F. App'x at 453. Major has not met this burden regarding the need for an evidentiary hearing, nor has he demonstrated applicability of the co-ownership argument to this case beyond mere speculation.

Major has not shown a possessory or ownership interest in the searched phone. *See Byrd*, 138 S. Ct. at 1527. With this lack of interest, ownership, possession, custody, or control, Major cannot demonstrate a reasonable expectation of privacy to the phone. *See Carter*, 525 U.S. at 88; *Padilla*, 508 U.S. at 82; *Powell*, 847 F.3d at 768; *Oakes*, 320 F. Supp. 3d at 961-62. Even if Major could show some form of ownership to the phone, "ownership alone does not justify a reasonable expectation of privacy[,]" as "privacy interests are not coterminous with one's property rights." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 544 (6th Cir. 2003) (citing *United States v. Salvucci*, 448 U.S. 83, 91 (1980)). Therefore, Major cannot vicariously seek Fourth Amendment protection from this search of the phone seized from West. *See Rakas*, 439 U.S. at 133-34; *Powell*, 847 F.3d at 768.

## IV. CONCLUSION

For the abovementioned reasons, **IT IS HEREBY ORDERED** that Defendant's Objection (DN 37) is **OVERRULED**, the United States Magistrate Judge's Report and Recommendation

(DN 36) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Motion to Suppress (DN 28) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 26, 2022

cc: counsel of record